UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LILLIE CAISON,

                **Plaintiff,**

v.                                         Case No:  6:18-cv-2168-Orl-40DCI

**GEOVERA SPECIALTY INSURANCE COMPANY,**

                **Defendant.**
_____

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S RENEWED MOTION TO COMPEL APPRAISAL, STAY LITIGATION PENDING COMPLETION OF APPRAISAL, AND DELINEATE AND ITEMIZE APPRAISAL AWARD (Doc. 31)** |
| **FILED:** | April 3, 2019 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** | |

This removed action involves a claim by an insured (Plaintiff) against her insurer (Defendant) to recover damages under a policy for insurance related to storm damage to Plaintiff's property. Doc. 1-1. Now before the Court is Defendant's Renewed Motion to Compel Appraisal, Stay Litigation Pending Completion of Appraisal, and Delineate and Itemize Appraisal Award. Doc. 31 (the Motion). It appears that the Motion is unopposed. *See* Docs. 31; 33.[1]

---

[1] The only dispute appears to be concerning the facts contained in paragraphs 5, 6, and 7 of the Motion. Doc. 33. The exact nature of the dispute was explained after the undersigned ordered the parties to again confer and file a notice "stat[ing] exactly which issues remain unresolved and for

"In Florida, appraisal provisions contained within insurance policies are generally treated the same as arbitration provisions." *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016). So "motions to compel appraisal should be granted whenever the parties have agreed to the provision." *Id*. (citing *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d DCA 1994)); *see J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, No. 6:17-cv-1415-ORL-40GJK, 2017 WL 4685254, at *2 (M.D. Fla. Sept. 29, 2017), *report and recommendation adopted*, No. 6:17-cv-1415-Orl-40GJK, 2017 WL 4657721 (M.D. Fla. Oct. 17, 2017) ("Whether the parties can be compelled to appraisal depends on the provisions of the policy."). And the "enforcement of appraisal provisions [is] preferred over lawsuits 'as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" *Id*. (quoting *First Protective Ins. Co. v. Hess*, 81 So. 3d 482, 485 (Fla. 1st DCA 2011)). Further, when appraisal does proceed, courts have found that a detailed, line-item appraisal streamlines and allows the court to more easily assess coverage disputes. *See 139 W Marion Ave., LLC v. Scottsdale,* No. 2:18-cv-00278-JES-MRM, Doc. 25 at 7-8 (M.D. Fla. Aug. 16, 2018) (citing *Bonafonte v. Lexington Ins. Co.*, No. 08-cv-21062-CIV, 2008 WL 2705437, *2 (S.D. Fla. July 9, 2008); *Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791, 796 n. 1 (Fla. 4th DCA 2010) (approving the use of a line-item appraisal form, which allows the court to "readily identify any coverage issues that arise during the course of the appraisal and resolve these without having to try and decipher what value the appraiser assigned for a particular type of damage").

---

the Court's consideration." Doc. 32. In the notice, Plaintiff represented that the parties conferred again, and that Plaintiff objects only to paragraphs 5, 6, and 7 of the Motion, all of which simply state facts. Doc. 33. If the relief requested is unopposed – and it appears that it is – there is no need for the Court to make any determinations concerning the disputed facts in those paragraphs.

Here, the policy of insurance includes an appraisal provision, and the parties have agreed to take part in the appraisal process. Thus, upon due consideration, the undersigned finds that this matter should be stayed pending a detailed, line-item appraisal.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 31) be **GRANTED**;

2. The parties be ordered to obtain expeditiously an appraisal in the manner prescribed by the appraisal provision of the policy;

3. This action be stayed pending completion of the appraisal process;

4. The parties be ordered to file a joint status report every 90 days advising the Court of the status of the appraisal process; and

5. The parties be ordered upon completion of the appraisal process to file an appropriate notice with the Court.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 5, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy